IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TAD THIEMS, co-executor of the ESTATE OF GARY THIEMS, deceased, and THIEMS CONSTRUCTION COMPANY, INC., <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED FIRE & CASUALTY INSURANCE COMPANY, <br><br> Defendant. | ) ) ) ) ) ) Case No. 15-cv-1323-SMY ) ) ) ) ) ) ) ) ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court are the motions *in limine* filed by Plaintiffs (Docs. 108 - 110) and Defendant (Doc. 111). The purpose of a motion *in limine* is to allow the trial court to rule on the relevance and admissibility of evidence before it is offered at trial. *See Luce v. United States*, 469 U.S. 38, 41, n.4 (1984)("although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials"). It serves to "aid the trial process by enabling the court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Wilson v. Williams,* 182 F.3d 562, 566 (7th Cir. 1999) (citing *Palmieri v. Defaria,* 88 F.3d 136, 141 (2nd Cir. 1996). A court may reserve judgment until trial, so that the motion *in limine* is placed "in an appropriate factual context." *Nat'l Union*, 937 F. Supp. at 287; *Jonasson v. Lutheran Child and Family Services,* 115 F.3d 436, 440 (7th Cir. 1997).

The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground, "for any purpose." *Plair v. E.J. Brach & Sons, Inc.*, 864 F. Supp. 67, 69 (N.D. Ill. 1994). The court may deny a motion *in limine* when it "lacks the necessary specificity with respect to the evidence to be excluded." *Nat'l Union Fire Ins. Co. of Pittsburgh v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Moreover, the court may alter an *in limine* ruling based on developments at trial or sound judicial discretion. *Luce*, 469 U.S. at 41. "Denial of a motion *in limine* does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Hawthorne Partners v. AT&T Tech., Inc.*, 831 F. Supp.1398, 1401 (N.D. Ill. 1993). Rather, denial reflects the fact that the court cannot decide admissibility outside the context of trial. *Plair*, 864 F. Supp. at 69.

The Court should exclude evidence on a motion *in limine* "only when the evidence is clearly inadmissible on all potential grounds." *Jonasson,* 115 F.3d at 440. And, motion *in limine* rulings are "subject to change when the case unfolds" at trial. *Luce*, 469 U.S. at 41. Indeed, "even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling." *Id*. With these principles in mind, the Court rules as follows:

### *Plaintiffs Motion in Limine No. 1 (Doc. 108)*

Plaintiffs move to bar any comments, arguments, or query by counsel during voir dire and/or trial that the underlying case went to trial because of the wishes of the insured, Gary Thiems, or that the underlying case failed to settle due to any of the actions or inactions of Gary Thiems. The motion is **GRANTED** as it relates to any suggestion that Thiems' consent was required to settled the underlying case. The motion is **DENIED** in all other respects.

*Plaintiffs' Motion in Limine No. 2 (Doc. 109)*

Plaintiffs move to preclude United Fire's retained expert Allan D. Windt from testifying regarding legal conclusions and should not be allowed to testify regarding legal duties. Specifically, sections I, II, and III of Windt's report discuss legal duties and legal conclusions which is improper for a retained expert witness to discuss. "Under Illinois law, the interpretation of an insurance policy is a question of law." *BASF AG v. Great Am. Assurance Co.,* 522 F.3d 813, 818–19 (7th Cir. 2008). Although experts may provide opinions as to the ultimate factual issues in a case, *U.S. v. Pansier,* 576 F.3d 726, 738 (7th Cir. 2009), they may not testify "as to legal conclusions that will determine the outcome of the case" under Rule 702. *Good Shepherd Manor Found. v. City of Momence,* 323 F.3d 557, 564 (7th Cir. 2003) (excluding expert testimony that consisted of legal conclusions). Courts must limit expert testimony so as not to allow experts to opine on 'what the law required' or 'testify as to the governing law,' which is what Windt does in Sections I, II, and III of his report. Accordingly, the motion is **GRANTED**. Windt cannot offer an opinion on what was required of United Fire under the law.

*Plaintiffs' Motion in Limine No. 3 (Doc. 110)*

Plaintiffs move to bar any comments, arguments, or query by counsel during voir dire and/or trial that Plaintiffs' expert Gary Fye is unqualified as an expert witness. The motion is **GRANTED** pursuant to the Court's Order at Doc. 143.

*Defendant's Motion in Limine No. 1 (Doc. 111)*

Defendant moves to bar all testimony, evidence and arguments regarding the confidential mediation in the underlying litigation, including but not limited to all mediation communications. The parties agree that evidence regarding United Fire's response to the offers and demands during

mediation are relevant to Plaintiffs' fiduciary duty and bad faith claims. Accordingly, the motion is **DENIED** as to that evidence.

The issue appears to the admissibility of statements made by the mediator, Ret. Judge Daniel Stack, warning United Fire they would have a bad result in the underlying litigation. The Court agrees with Plaintiff that neither the Illinois Uniform Mediation Act's provisions regarding confidentiality (710 ILCS 35 et seq.) nor the Mediation Agreement between the parties in the underlying case have application in this case – litigation between United Fire and its insured, Thiems. That said, Judge Stack's statements are problematic. First, Judge Stack has not been disclosed as an expert witness, and his statements would constitute expert opinion testimony. Secondly, the probative value of this evidence, if any, is substantially outweighed by the danger of unfair prejudice, confusion of the issues, and/or misleading the jury, and therefore is subject to exclusion under FRE 403. Accordingly, the motion is **GRANTED** with respect to any statements or communications of Judge Stack made during the mediation in the underlying case.

### *Defendant's Motion in Limine No. 2*

Defendant moves to bar all testimony of Plaintiffs' disclosed expert Gary Fye. The Motion is **DENIED** pursuant to this Court's Order at Doc. 143.

### *Defendant's Motion in Limine No. 3*

Defendant moves to bar testimony of Plaintiffs' disclosed expert Gary Fye regarding Defendant's purported intent, motive or opinion as such testimony is unsubstantiated and improper expert testimony. Specifically, Defendants assert that Fye should not be permitted to testify regarding any opinion that (1) United Fire "seems to blame its own attorneys for not asking permission to or authority to settle"; (2) United Fire "wanted to subject Thiems to punitive damages"; and (3) United Fire "acted in its own economic self-interest." The statements are

speculative, inflammatory, and not the proper subject of expert testimony. The motion is **GRANTED**.

### *Defendant's Motion in Limine No. 4*

Defendant moves to exclude all testimony, evidence and arguments regarding Defendant's employee bonus programs. There is no evidence correlating any benefit, bonus or incentive plan to the handling of the specific claim at issue in this case. Thus, evidence and argument regarding the existence of such a program is irrelevant, immaterial and would only serve as an invitation for the jury to engage in improper speculation. Accordingly, the motion is **GRANTED**.

### *Defendant's Motion in Limine No. 5*

Defendant moves to exclude all testimony, evidence, and arguments regarding claims other than the claim that was the subject of the underlying lawsuit. Any testimony or evidence regarding claims other than the claim giving rise to the underlying lawsuit are irrelevant, immaterial and highly prejudicial. The motion is **GRANTED**.

**IT IS SO ORDERED.**

**DATED:** March 26, 2021

*[signature]*

**STACI M. YANDLE**
**United States District Judge**